IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DEBORAH BOULANGER,                )<br>                                                          )<br>                        Plaintiff,          )<br>                                                          )<br>v.                                                      )<br>                                                          )<br>CAROLYN W. COLVIN,                  )<br>COMMISSIONER OF SOCIAL      )<br>SECURITY ADMINISTRATION,   )<br>                                                          )<br>                        Defendant.      )<br>_____) | CIVIL ACTION NO. 9:15-4607-RBH-BM<br><br><br><br>**REPORT AND RECOMMENDATION** |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on January 23, 2012 (protective filing date), alleging disability beginning June 1, 2009 due to diabetes and bipolar disorder. (R.pp. 31, 40, 254). Plaintiff's claims were denied both initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on March 18, 2014. (R.pp. 47-77). The ALJ thereafter denied Plaintiff's claims in a decision issued July 18, 2014. (R.pp. 28-46). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-7).



Plaintiff then filed this action in this United States District Court, asserting that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further consideration, or for an outright award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also, Hepp v. Astrue, 511 F.3d 798, 806 (8th cir. 2008)[Noting that the substantial evidence standard is even "less demanding than the preponderance of the evidence standard"].

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court



2

disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

**Discussion**

A review of the record shows that Plaintiff, who was forty-eight (48) years old when she alleges she became disabled, has a high school education with one year of college and past relevant work experience as a substitute teacher, desk clerk, daycare worker, and aide/sitter. (R.pp. 129, 254-255). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months.

After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments of diabetes mellitus, obesity, history of asthma, depression, rule out undifferentiated somatoform disorder , and rule out personality disorder, thereby rendering her unable to perform any of her past relevant work,[1] she nevertheless retained the residual functional capacity (RFC) to perform a restricted range of medium work,[2] and was therefore not entitled to disability benefits. (R.pp. 33-34, 40-41). Plaintiff asserts that in reaching this decision, the ALJ erred by improperly determining her RFC, and in particular by failing to account in the RFC for her moderate difficulty in maintaining concentration, persistence or pace.

---

[1]The ALJ in fact found that Plaintiff had no past relevant work for purposes of consideration of her claim. (R.p. 40).

[2]Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).



Plaintiff further asserts that the ALJ failed to consider all of her severe mental impairments in determining her RFC, failed to properly consider the limiting effects of her obesity, and failed to properly assess the treating opinion evidence.

After careful review and consideration of the evidence and arguments submitted, the undersigned finds that there is substantial evidence to support the decision of the Commissioner that Plaintiff was not disabled through September 30, 2010, and that the decision that Plaintiff is therefore not entitled to DIB should be affirmed. Laws, 368 F.2d 640 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"]. However, the undersigned is constrained to agree with the Plaintiff that the ALJ's analysis of her ability to perform full time work for purposes of her application for SSI with her moderate difficulty in maintaining concentration, persistence or pace does not comply with the requirements set forth by the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), thereby requiring reversal of that portion of the decision.[3]

**DIB**

With respect to Plaintiff's application for DIB, her eligibility for DIB expired on

---

[3]For purposes of DIB eligibility, a claimant must show that he or she became disabled prior to the expiration of his or her insured status, which in this case was September 30, 2010. (R.p. 33). See 42 U.S.C. § 423(c); 20 C.F.R. § 404.101 (2009). However, under SSI, the claimant's entitlement to benefits (assuming they establish disability) begins the month following the date of filing the application forward. Werts v. Commissioner, No. 13-914, 2014 WL 6078434 at * 1 n. 2 (N.D.N.Y. Nov. 13, 2014) (citing 20 C.F.R. § 416.335); Pariseau v. Astrue, No. 07-268, 2008 WL 2414851, * 13 (D.R.I. June 13, 2008); see 20 C.F.R. § § 416.202(g), 416.203(b), 416.335 (2009). Therefore, while the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that she was disabled during the insured period for DIB may still receive SSI benefits if [] she can establish that she is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir. 1999)[Discussing the difference between DIB and SSI benefits].

4



September 30, 2010. (R.pp. 31, 33). Therefore, in order to be eligible for DIB, Plaintiff must have evidence to show that her impairments became disabling by on or before that date. Johnson v Barnhart, 434 F.3d 650, 655-656 (4th Cir. 2005). There is no evidence to support a finding that Plaintiff had any impairments of a disabling severity by on or before September 30, 2010.

First, as correctly noted by the ALJ in her decision, there is no evidence of Plaintiff receiving any mental health care treatment during this time period, and the state agency psychological consultants who reviewed Plaintiff's medical records in June and September 2012 both concluded that there was no evidence that Plaintiff had any severe mental impairment. (R.pp. 35-36); see (R.pp. 115-117, 125-127, 134-135). See also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) [Opinion of non-examining physicians can constitute substantial evidence to support the decision of the Commissioner]. Indeed, Plaintiff does not herself cite to any evidence of a mental impairment for anytime prior to September 2010, when her eligibility for DIB expired. Plaintiff's Brief, pp. 7-8. See Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987) [Plaintiff has the burden of showing that she has a disabling impairment].

As for a physical impairment, the only evidence cited to by the Plaintiff relating to any physical impairment during the relevant time period for her DIB claim are a hospital emergency room visit on November 7, 2009 where Plaintiff was complaining of right flank pain, and another hospital emergency room visit on February 24, 2010 where Plaintiff complained about a cough that she had had for about three months. See (R.pp. 341-345, 351-352). Review of systems on both of these visits was largely negative, her extremities were normal appearing and non-tender, and neither medical report indicates any impairments of a disabling severity were found on physical examination. (R.pp. 341, 351). The state agency physicians who reviewed Plaintiff's medical



9:15-cv-04607-RBH     Date Filed 10/26/16     Entry Number 16     Page 6 of 11

records in June and September 2012 also did not find any evidence that Plaintiff had a disabling physical condition or impairment, and the ALJ quite properly found that these records were insufficient to meet the severity and chronicity criteria for any severe impairment for the relevant time period relating to Plaintiff's application for DIB.  (R.pp. 35-36); see also (R.pp. 104-107, 109, 120-124, 127, 129-133, 136-137).

As such, the undersigned can discern no reversible error in the ALJ's determination that Plaintiff was not disabled through the expiration of her eligibility for DIB on September 30, 2010.  Laws, 368 F.2d 640 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"]; Lyall v. Chater, No. 94-2395, 1995 WL 417654 at * 1 (4th Cir. 1995)[Finding no error where the ALJ's analysis "was sufficiently comprehensive as to permit appellate review"]; Stephens v. Heckler, 766 F.2d 284, 287 (7th Cir. 1985) [ALJ's discussion of evidence need only be sufficient to "assure [the court] that [he] considered the important evidence . . . [and to enable the court] to trace the path of [his] reasoning"]; see also Poling v. Halter, No. 00-40, 2001 WL 34630642, at * 7 (N.D.W.Va. Mar. 29, 2001)["It is the duty of the ALJ, rather than the reviewing court, to assess the evidence of record and draw inferences therefrom"].

**SSI**

With respect to the period after September 30, 2010, although Plaintiff would not be eligible for DIB, she may be eligible for SSI if she can establish that she subsequently became "disabled and has limited means".[4]  Sienkiewicz , 2005 WL 83841, at * 3.

---

[4]Since Plaintiff cannot receive SSI benefits until the month following the month in which she applied for disability (January 2012), a determination of whether she is disabled is only relevant as (continued...)



6

Specifically with respect to Plaintiff's alleged mental impairment, the record reflects that Plaintiff underwent a consultative examination performed by Dr. Kimberly Kurse on May 23, 2012, who found on examination that Plaintiff had normal neurocognitive functioning. She also stated that it was unclear why Plaintiff had been diagnosed with bipolar disorder, as there was no evidence of a manic episode in her past. Dr. Kurse's diagnosis was depression, not otherwise specified; rule out undifferentiated somatoform disorder; and rule out personality disorder, not otherwise specified. (R.pp. 364-366).[5] Plaintiff was also seen at the Lexington County Community Mental Health Center beginning in October 2012. While Plaintiff was treated for various symptoms, the ALJ noted in her decision that Plaintiff's primary diagnosis was major depressive disorder. (R.p. 37); see generally, (R.pp. 423-435). Treatment records from Dr. Joseph Williams from November 2013 through January 2014 also reflect a diagnosis of depression. (R.p. 37); see also (R.pp. 481-513). The ALJ also cited to a March 2014 report from Ron Berringer, an LISW at the Mental Health Center, wherein Berringer opined that Plaintiff had severe mental limitations. See (r.pp. 514-515). The ALJ gave negligible weight to Berringer's opinion in light of the other medical evidence of record; see (R.p. 38); but nevertheless did find in her decision that Plaintiff's depression was a severe impairment. (R.p. 33).

An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen, 482 U.S. at 140-142. However, although the ALJ concluded that Plaintiff's depression was a severe impairment, the only

---

[4](...continued)
of February 2012. See Werts, 2014 WL 6078434 at * 1 n. 2 (citing 20 C.F.R. § 416.335).

[5]The ALJ's mental impairment findings appear to mirror those of Dr. Kurse's. (R.p. 33).



accommodation in Plaintiff's RFC that the ALJ appears to have made for this severe impairment was to limit Plaintiff to unskilled work. (R.p. 34). Concededly, some past decisions have found that restricting a claimant to unskilled work could account for a claimant's severe mental impairment, to include a moderate restriction with respect to concentration, persistence or pace, which is the restriction the ALJ assigned to the Plaintiff in this case. Cf. Wood v. Barnhart, No. 05-432, 2006 WL 2583097 at * 11 (D.Del. Sept. 7, 2006) [Finding that by restricting plaintiff to jobs with simple instructions, the ALJ adequately accounted for plaintiff's moderate limitation in maintaining concentration, persistence or pace]; McDonald v. Astrue, 293 Fed. App'x 941, 946-47 (3d Cir. 2008) [noting that the ALJ properly accounted for his finding that the claimant had moderate limitations in concentration by limiting him to simple, routine tasks]. This Court has itself upheld such a finding as sufficient under some circumstances in earlier decisions.

However, subsequent to the issuance of the ALJ's decision in this case, the Fourth Circuit decided the case of Mascio, in which the Court specifically held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work'". Mascio, 780 F.3d 638, quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011). That is exactly what the ALJ did in this case. (R.p. 34). After Mascio, however, such a summary finding is no longer sufficient, as the Fourth Circuit has held that the ability to perform simple, routine tasks is not the same as having the ability to stay on task, which is the limitation that would account for a claimant's impairment in concentration, persistence or pace. Mascio, 780 F.3d 638. As noted, the ALJ did not have the benefit of the Fourth Circuit's decision in Mascio to guide her at the time she reached the decision in this case, and therefore no discussion or finding was made with respect to Plaintiff's

8



ability to stay on task in light of her moderate limitation in concentration, persistence or pace. This omission is particularly important here, as the VE specifically testified that if Plaintiff's inability to properly concentrate prevented her from maintaining persistence and pace, she would not be able to perform any jobs.  (R.p. 75).[6]

While it may be that the ALJ will find, based on the evidence, that Plaintiff's moderate impairment in being able to concentrate and stay on task will not affect her ability to stay on task sufficient to perform the unskilled jobs identified in the decision; See Mascio, 780 F.3d at 638 [noting that the ALJ may be able to explain why a concentration, persistence, or pace limitation did not translate into a limitation in the RFC  ("[f]or example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the [VE]"), but finding that remand was appropriate because the ALJ gave no explanation]; she did not make that determination or finding in her decision, and this Court may not do so in the first instance. Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)[Court cannot affirm a decision on a ground that the ALJ did not herself invoke in making the decision]; Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009)["Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have thinking."].

Although the Administrative Law Judge did not have the benefit of this new authority

---

[6]Although the VE was testifying at that point in the context of an "extreme" rating (see, R.pp. 514-516), the issue remains what Plaintiff would be able to do in light of her moderate limitation in being able to maintain concentration, persistence or pace, a question not properly addressed by the ALJ in this case.  See Mascio, 780 F.3d at 638, quoting Winschel, 631 F3d at 1180.



in reaching her decision in this case, Plaintiff's disability claim must nonetheless be evaluated in light of current requirements which are binding on this Court. Therefore, the decision on Plaintiff's application for SSI must be reversed and remanded for consideration of Plaintiff's RFC in light of the updated case law and requirements for considering Plaintiff's ability to work in light of her moderate limitation in concentration, persistence or pace. With respect to the remainder of Plaintiff's claims of error with respect to her SSI claim, the ALJ will be able to reconsider and re-evaluate the evidence in toto as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

## Conclusion

Based on the foregoing, it is recommended that the decision of the Commissioner that Plaintiff is not entitled to DIB be **affirmed** for the reasons stated. It is further recommended that with respect to Plaintiff's application for SSI, the decision of the Commissioner be **reversed**, and that that application be **remanded** to the Commissioner for a proper evaluation and consideration of Plaintiff's mental impairment in light of Mascio.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 26, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

11

