UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Deborah Boulanger, | ) | Civil Action No.: 9:15-cv-04607-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Deborah Boulanger seeks judicial review of a final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits (DIB) and supplemental security income (SSI). The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. *See* R & R, ECF No. 16. The Magistrate Judge recommends that the Court (1) affirm the Commissioner's decision that Plaintiff is not entitled to DIB; and (2) reverse the Commissioner's decision regarding Plaintiff's SSI application and remand this matter for proper evaluation and consideration of Plaintiff's mental impairment in light of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).[1] R & R at 10.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those

---

[1] In *Mascio*, which was issued after the ALJ's decision in the instant case, the Fourth Circuit ruled "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work. . . . [T]he ability to perform simple tasks differs from the ability to stay on task." 780 F.3d at 638 (internal quotation marks and citation omitted).

portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 16]. Accordingly, the Court **AFFIRMS** the Commissioner's decision that Plaintiff is not entitled to DIB. The Court **REVERSES** the Commissioner's decision regarding Plaintiff's SSI application and **REMANDS** this matter for proper evaluation and consideration of Plaintiff's mental impairment in light of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

**IT IS SO ORDERED.**

Florence, South Carolina                                                   s/ R. Bryan Harwell
November 18, 2016                                                          R. Bryan Harwell
                                                                           United States District Judge

---

[2]     Both Plaintiff and the Commissioner filed notices stating they would not file objections to the R & R. *See* ECF Nos. 17 & 18.